U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____ UK _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID A WADDY | CIVIL ACTION NO. 05-0973 |
| VS. | SECTION P |
| TIM WILKINSON, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se petitioner **DAVID A. WADDY** on June 6, 2005. Petitioner is incarcerated at the Winn Correctional Center, Winnfield, La. where he is serving a twenty year sentence imposed following his 1995 conviction for possession of a firearm and purse snatching in the 9th Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The original Application for Writ of Habeas Corpus and accompanying exhibits [Doc. 1, Exhibits and Appendix], and the presumptively reliable published jurisprudence of the State of Louisiana establish the following chronology of events:

1. On January 8, 2001, petitioner was convicted of possession of a firearm and purse snatching following trial in

the 9th Judicial District Court. He was sentenced to serve twenty years imprisonment. [Doc. 1-1, p. 1]

2. Petitioner did not directly appeal his conviction. Petitioner also apparently did not seek further direct review of his conviction in the United States Supreme Court.

3. Petitioner has provided no information concerning events of significance occurring between January 8, 2001 and July 23, 2003.

4. On July 23, 2003, petitioner filed an Application for Post-Conviction Relief in the 9th Judicial District Court. [Doc. 1-1, page 5].

9. Petitioner applied for supervisory writs in the Third Circuit Court of Appeals. [Doc. 1-1, p.5]. Petitioner's writ was denied on or about March 26, 2004. He sought review in the Louisiana Supreme Court filing for review on May 25, 2004. The Supreme Court of Louisiana denied the supervisory writ on April 22, 2005. [Id at 6].

## LAW AND ANALYSIS

1. Timeliness under § 2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith*, 142 F.3d 832,

834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson,* 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), became effective in April, 1996. However, this limitation periods provided by the statute cannot be applied

retroactively to bar claims by petitioners, whose convictions were final prior to the enactment of AEDPA. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson*, 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*.

If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra*; *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Since petitioner's judgment of conviction and sentence became final after the effective date of the AEDPA, this rule is not applicable to Petitioner.

Petitioner's conviction was on January 8, 2001. There was no direct appeal. Petitioner did not file for post-conviction relief until July 23, 2003. This is approximately two years and five months where he was not pursuing any relief, and as such, tolling cannot be applied. Petitioner does not suggest (nor would the record support such a suggestion) that he was able to

toll the limitations period throughout the period between January 8, 2001 and July 23, 2003. In other words, petitioner's habeas, is clearly time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* 79 F.3d 1415

(5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___1st___ day of ___September___, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE