U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 3 2006

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID A. WADDY | CIVIL ACTION NO. 05-0973 |
| VS. | SECTION P |
| TIM WILKINSON, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Louisiana prisoner David A. Waddy filed a *pro se* petition for writ of *habeas corpus* on June 6, 2005. He argued that the Louisiana courts erred when they construed his Motion to Correct an Illegal Sentence as an Application for Post-Conviction Relief and then dismissed his claims as untimely under the provisions of La. C.Cr.P. art. 930.8. He also argued that: (1) he should have been charged and convicted of theft and not purse snatching; (2) he was "induced" to plead guilty to the purse snatching charge; (3) the terms and conditions of his plea agreement were violated; and, (4) he was denied the effective assistance of counsel.[doc. 1-1, pp. 11-25]

On September 1, 2005 the undersigned recommended dismissal of the petition because it was time-barred under provisions of the AEDPA codified at of 28 U.S.C. §2244(d).[1] [doc. 4]

---

[1] Petitioner's pleadings established that he pled guilty and was convicted and sentenced in January 2001. He did not appeal therefore his judgment of conviction and sentence became final sometime in early 2001. By the time he filed his first post-conviction pleading sometime in July 2003, the one-year limitations period had already elapsed and therefore the tolling

On September 12, 2005 petitioner filed a timely objection to the Report and Recommendation. Petitioner conceded that the claims were in fact time-barred but argued that the court should address the merits of his claims since "constitutional errors" resulted in his conviction and imprisonment. He also argued that his conviction was a "miscarriage of justice" because the trial judge failed to properly advise him of his rights. [doc. 5]

On September 19, 2005, United States District Judge Dee D. Drell accepted the recommendation and ordered dismissal of the petition. [doc. 6]

On September 28, 2005 petitioner filed a Motion for an Appeal and a Motion for Certificate of Appealability (COA). In both he urged reconsideration of the dismissal and argued that extraordinary circumstances justified relief. In support of this argument he maintained that the victim's identification of him as the perpetrator of the offense was flawed and based upon suggestive identification procedures. [docs. 7 and 9]

On September 30, 2005 Judge Drell denied the COA. [doc. 10] Thereafter, the record was lodged in the United States Fifth Circuit Court of Appeals. Citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the Fifth Circuit likewise denied COA and noted that petitioner had failed to show that "'jurists of reason would find it debatable whether the district court was correct in its

---

provisions of the statute were unavailable.

procedural ruling...'" David A. Waddy v. Tim Wilkinson, No. 05-30915. [doc. 13]

On June 20, 2006 petitioner filed a pleading entitled "Motion to Vacate a Miscarriage of Justice Pursuant to Fed. Rule Civil P. Rule 60(b)(6)." Therein petitioner alleged, that "...extraordinary circumstances are present from Plaintiff's arrest until this day, which have not been reviewed properly." He further alleged, "This time-bar limitation should not matter for the constitutional violations were presented well in previous writs, yet they were not properly reviewed by any of the Honorable Courts the writs were submitted to at any time." [doc. 14, p. 2] Finally, petitioner claimed that review of his time-barred claims was appropriate because he is "...innocent of the charges brought against him..." [id., p. 4] He then set forth four claims for relief – (1) ineffective assistance of counsel; (2) insufficiency of evidence/mistaken or unreliable identification; (3) involuntary and unknowing waiver of rights and guilty plea; and, (4) error by the United States Fifth Circuit Court of Appeals in denying his COA and request for rehearing without probable cause. [id.]

Thereafter, on June 6, 2006, Judge Drell referred this last motion to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636.

## **LAW AND ANALYSIS**

In the context of §2254 habeas corpus claims, Federal Rules of Civil Procedure Rule 60(b) motions are treated as second and successive *habeas* petitions. <u>Gonzalez v. Crosby</u>, ___ U.S. ___, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); <u>Fierro v. Johnson</u>, 197 F.3d 147, 151 (5th Cir.1999), *cert. denied*, 530 U.S. 1206, 120 S.Ct. 2204, 147 L.Ed.2d 237 (2000); <u>United States v. Rich</u>, 141 F.3d 550, 551-52 (5th Cir.1998), *cert. denied*, 526 U.S. 1011, 119 S.Ct. 1156, 143 L.Ed.2d 221 (1999).

If claims in a second or successive application were, or could have been presented in a prior application, summary dismissal is required. 28 U.S.C. § 2244(b)(1). In his original petition, Waddy argued that the Louisiana courts erred when they construed his Motion to Correct an Illegal Sentence as an Application for Post-Conviction Relief and then dismissed his claims as untimely under the provisions of La. C.Cr.P. art. 930.8. He also argued that: (1) he should have been charged and convicted of theft and not purse snatching; (2) he was "induced" to plead guilty to the purse snatching charge; (3) the terms and conditions of his plea agreement were violated; and, (4) he was denied the effective assistance of counsel.[doc. 1-1, pp. 11-25] He now argues (1) ineffective assistance of counsel; (2) insufficiency of evidence/mistaken or unreliable identification; (3) involuntary and unknowing waiver of rights

and guilty plea; and, (4) error by the United States Fifth Circuit Court of Appeals in denying his COA and request for rehearing without probable cause. [doc. 14]

Petitioner presents new and additional claims in his Rule 60(b) motion; these claims could have been raised in his initial filing therefore, summary dismissal of his successive claims is appropriate.[2]

That does not end our inquiry, however because petitioner has also argued that the court mis-applied the provisions of §2244(d) when it denied him the benefit of equitable tolling based upon his newly advanced claim of actual innocence. To the extent that petitioner's Rule 60(b) motion advances such a claim, it cannot be dismissed as second and successive. See Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641, 2648 162 L.Ed.2d 480 (2005) (A Rule 60(b) motion which challenges the District Court's ruling that a habeas petition was time-barred under the AEDPA limitations period, is not the equivalent of a "second or successive habeas petition" as would require authorization from Court of Appeals before filing.)

Nevertheless, even if that aspect of petitioner's Rule 60(b) motion is not treated as a subsequent petition and summarily

---

[2] Of course, the issues raised in his present Claim Four - error by the United States Fifth Circuit Court of Appeals - could not have been raised in the original petition, however, such claims cannot be addressed in a Rule 60(b) Motion in the District Court.

dismissed, petitioner has not shown he is entitled to relief.

Petitioner claims that he is entitled to relief under Rule 60(b)(6) which states in pertinent part, "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ...(6) any other reason justifying relief from the operation of the judgment..." Petitioner implies that he is entitled to equitable tolling of the limitations period because he is actually innocent of the charges for which he now stands convicted.

The Fifth Circuit Court of Appeals has determined that the one-year limitations period established by 28 U.S.C. § 2244(d), and relied upon in the original Report and Recommendation, contains no exemption for a petitioner claiming actual innocence. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002), cert. denied, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). Further, the Fifth Circuit has held that a claim of actual innocence does not constitute a "rare and exceptional circumstance" so as to justify the application of equitable tolling to overcome the time bar of § 2244(d). Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000), cert. denied, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

Nevertheless, in deference to the petitioner and in recognition that the interface between actual innocence claims and the application of the AEDPA remains a developing area of the

law, the undersigned has reviewed his claim of actual innocence under the guidelines suggested by the United States Supreme Court in Schlup v. Delo, 513 U.S. 298, 299, 327-28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), the case cited and relied upon by petitioner. In that case, the Supreme Court held that in order for a *habeas* petitioner to make a true showing of actual innocence he must (1) present new reliable evidence, (whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence); (2) that was not presented at trial; and (3) he must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.

Petitioner has not provided any "new, reliable evidence that was not presented at trial..." He has presented no exculpatory scientific evidence, no trustworthy eyewitness accounts, and, no critical physical evidence. Instead, petitioner's "new evidence" consists of conclusory allegations concerning mistaken identity. [doc. 14, pp. 7-10] This lack of new evidence, coupled with the fact that petitioner pled guilty and thus admitted his guilt under oath, strongly suggests that petitioner's "actual innocence" claim is patently and manifestly without a basis in fact.

In short, petitioner has not shown that he is entitled to equitable tolling based upon his conclusory and unlikely claims

of actual innocence.

Therefore

**IT IS RECOMMENDED** that petitioner's "Motion to Vacate a Miscarriage of Justice Pursuant to Fed. Civil P. Rule 60(b)(6)" [doc. 14] insofar as it raises substantive claims for relief be **DISMISSED** as a second and successive petition for writ of *habeas corpus*; and,

**IT IS FURTHER RECOMMENDED** that petitioner's "Motion to Vacate a Miscarriage of Justice Pursuant to Fed. Civil P. Rule 60(b)(6)" [doc. 14] insofar as it claims that the court misapplied the timeliness provisions of 28 U.S.C. §2244(d) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 13th day of June, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE